## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Kathryn Larissa Abbott | ) | Case No.: 18-83555-CRJ-7 |
| SSN: xxx-xx-9449 | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

### MOTION FOR AUTHORITY AND NOTICE OF INTENT TO SELL UNENCUMBERED ASSETS AND DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS

COMES NOW Tazewell T. Shepard, Trustee of the above-captioned Bankruptcy Estate, and gives notice pursuant to Bankruptcy Rules 2002 and 6004 of his intent to sell the below described assets of the estate under Title 11 U.S.C. Section 363.  **Any objection to such sale and/or higher offers shall be filed with the U.S. Bankruptcy Court within 21 days from the date of this notice.  Any such objection should state specifically in writing why the sale should not be consummated.  Any higher offer must be on the same terms and conditions [other than purchase price] provided herein.  If no objections or higher offers are timely filed, the Court may approve the sale without any further notice.**

1. On November 30, 2018, the undersigned was appointed as Trustee in the above-styled case, duly qualified and is now serving.

2. The Trustee having reported that a portion of the Debtor's estate consists of the following property:  Debtor's ½ interest in a 1.5 acre lot adjacent to the Debtor's residence at 2512 Walker Road SE, Decatur, Alabama 35603.

3. In the opinion of the Trustee, the estate has an equity in said property and it will be for the benefit of the estate to sell said property pursuant to Title 11 U.S.C. § 363.  To the best of the Trustee's knowledge, information and belief, no entity other than the estate or the Debtor has an interest in the property that is the subject of this motion.

4. Said sale is to be conducted as a private sale to Kathryn Larissa Abbot ("Debtor"), with the following terms and conditions of sale:

    a. Debtor will pay to the Trustee the total sum of Ten Thousand Dollars ($10,000.00).  This sum shall be paid in certified funds made payable to "Tazewell T. Shepard, Trustee" within 14 days after entry of an Order by the Court approving this sale.

    b. If for any reason Debtor defaults in making the above payment, the Trustee shall be entitled to seek collection from Debtor for the unpaid balance still due and owing, plus interest in the amount of twelve percent (12%) per annum from the date

of entry of the Order approving this sale and reasonable attorney's fees and expenses for collection as a result of said default.

  c. Debtor waives any exemption or claim to the proceeds to be paid to the Trustee under the terms of this sale and shall not participate in a distribution, except for any surplus distribution the Debtor may be entitled to receive.

  d. This sale contemplates the transfer and conveyance of the Bankruptcy Estate's interest in the subject property, but provides no warranties or guarantees whatsoever as to title or condition of the property. Trustee will provide Debtor with a Trustee's Deed to convey the Estate's interest in the property.

  e. Debtor will be responsible for payment of any and all closing costs and past or present ad valorem taxes owed as a result of this sale.

  f. To the best of the Trustee's knowledge, information and belief, no entity other than the Estate or the Debtor has an interest in the property that is the subject of this notice. However, the Trustee has not obtained or requested a search of the title to the subject property. The property is being sold subject to any liens or encumbrances of record, including any taxes.

  g. **The Closing Agent, if any, will serve as the Trustee's Designated Agent for the purpose of closing this sale and distributing the proceeds in compliance with this Notice and any Order to be issued by the Court.**

5. Said sale is to be conducted within 14 days after an Order is entered approving this sale, and is to be held at the offices of SPARKMAN, SHEPARD & MORRIS, P.C., Suite 1411, 303 Williams Avenue, Huntsville, Alabama 35801, or at any other date and location mutually agreed upon by the parties.

6. Trustee avers that the proposed sales price is reasonable and in the best interest of the Bankruptcy Estate. Daniel Culps with Fowler Auction has recently inspected the Subject Property and provided Trustee with a valuation. The auctioneer estimates that Debtor's ½ interest in the Subject Property has a value of $7,500.00 to $10,000.00. Further, auctioneer has recommended that the Trustee accept Debtor's offer, as he believes it is unlikely that a public sale through real estate listing or auction will generate significantly more proceeds for the Estate.

7. Further, a private sale to the Debtor will drastically reduce the administrative expenses incurred by the Bankruptcy Estate to move forward with a public sale. Debtor's non-filing spouse also has a ½ interest in the Subject Property, and would be unwilling to voluntarily consent to a sale of his ½ interest. Accordingly, the Trustee would have to incur the administrative and legal costs involved in filing an adversary proceeding against Debtor and the non-filing spouse to force a sale of the property as a whole under 11 U.S.C. § 363(h). Such a sale would likely produce a similar recovery, but with much higher administrative costs leaving less funds available for the creditors of the Bankruptcy Estate. Thus, the proposed private sale will maximize the return for the creditors.

8. As of the filing of this Motion, there have been $19,000.00 in unsecured claims filed in this case. Thus, the proposed sale should provide sufficient funds for a meaningful distribution to the creditors in this case.

WHEREFORE, the Trustee respectfully requests that the Court enter an order

A. Authorizing the Trustee to sell the subject property pursuant to 11 U.S.C. § 363, and in accordance with the terms and conditions stated herein;

B. Authorizing the Trustee to execute and deliver any and all documents which may be necessary or appropriate to effectuate the sale proposed herein; and

C. For such other and further relief as the Court deems just and appropriate.

Respectfully submitted this the 25th day of March, 2019.

*/s/ Kevin M. Morris*
Kevin M. Morris
*Attorney to Trustee in Bankruptcy*
**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the below listed parties and upon those parties as found on the Clerk's Certified Matrix by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid this the 25th day of March, 2019.

Jackie Ferguson Graham, Esq.
*Attorney for Debtor*
Ferguson & Ferguson
303 Williams Avenue, Ste. 321
Huntsville, AL 35801

Kathryn Larissa Abbott
*Debtor*
2512 Walker Road SE
Decatur, AL 35603

Richard M. Blythe, Esq.
*Bankruptcy Administrator's Office*
P.O. Box 3045
Decatur, AL 35602

*/s/ Kevin M. Morris*
Kevin M. Morris